UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00387-MOC

| | |
|---|---|
| **WILLIAM J. MEADERS,** | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

**THIS MATTER** is before the court for further screening in accordance with Rule 4, Rules Governing Section 2255 Proceedings, in light of the Notice of Ineligibility filed by the Federal Defender's Office in accordance with the previous Order of this court, as well as the Standing <u>Simmons</u> Order, 3:12mc92, governing screening of <u>Simmons</u> claims.

In his pro se motion, petitioner contended that he was entitled to relief under <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (*en banc*), and raised the following contentions:

(1) Petitioner received a sentencing enhancement based on a now non-qualifying North Carolina offense, to wit, an enhanced maximum sentence under 21 U.S.C. § 841(b)(1)(B) *et seq.*;

(2) Petitioner received an unlawful enhancement under the § 4B1.1 Career Offender guideline because his state conviction was not punishable by a term of imprisonment exceeding one year, and did not qualify as a prior felony conviction for purposes of the career offender provision of the guidelines.

Upon initial screening, the court summarily dismissed the second contention as barred under <u>United States v. Pregent</u>, 190 F.3d 279, 283-284 (4th Cir.1999), inasmuch as Section 2255 does not apply to errors in application of the Sentencing Guidelines

1

As to the first contention, the court directed the FDO to screen such motion.[1] After conducting such screening, the FDO filed a "Notice of Ineligibility for Simmons Relief" (#11). The salient determination by the FDO was that petitioner could not viably assert any claim for relief under Simmons because the underlying state court felony conviction occurred in 1992. Simmons has no impact on federal convictions premised or enhanced by a North Carolina conviction that either predates or postdates the effective dates of North Carolina's Structured Sentencing Act (October 1, 1994 to December 1, 2011). It appearing that petitioner's conviction occurred in 1992, no relief is available to him under Simmons.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Set Aside, or Correct a Sentence (#1) is **DISMISSED** upon preliminary review in accordance with Rule 4(b) as petitioner does not state a viable claim for relief.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

---

[1] Petitioner is advised that the FDO is not counsel of record. The FDO only becomes counsel of record if it is determined that a potentially meritorious claim has been or could be asserted.

Signed: December 11, 2012

Max O. Cogburn Jr.
United States District Judge